UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL MUTSCHELKNAUS, et al., | ) | CASE NO. 5:18-cv-562 |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| JOSEPH M. ZEGLEN, | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion for summary judgment filed by defendant Joseph M. Zeglen ("Zeglen"). (Doc. No. 10 ["MSJ"].) Plaintiffs Darrell and Melissa Mutschelknaus (collectively the "Mutschelknauses")[1] filed a memorandum in opposition to the motion (Doc. No. 27 ["Opp'n"]), and defendant replied. (Doc. No. 33 ["Reply"].)

## I. BACKGROUND

This action under the Fair Debt Collection Practices Act ("FDCPA") stems from a letter sent by Zeglen to the Mutschelknauses. At this stage in the litigation, the contents of this letter are immaterial. The only question presented is whether Zeglen is considered a "debt collector" under the FDCPA. Relevant are the following undisputed facts.

Zeglen is an Ohio attorney. As a part of his solo practice, Zeglen provides commercial and non-commercial debt collection legal services. Between 2016 and the end of March 2018, Zeglen's non-commercial collections work accounted for 8% of his total files opened.[2] The

---

[1] Darrell Mutschelknaus was originally the only plaintiff is this case. Melissa Mutschelknaus was joined as a plaintiff as a result of the consolidation of the instant case with the related case wherein she was the sole plaintiff. *Mutschelknaus v. Zeglen*, Case No. 5:18-cv-363. This Court's April 17, 2018 order of consolidation (Doc. No. 12) directed that all future filings be made only in the instant case.

[2] In 2016, Zeglen opened 271 files, 162 were "collection files," and 40 were "consumer files." (Doc. No. 21-16 at 1563; Doc. No. 21-20 at 1669.) In 2017, Zeglen opened 239 files, 102 were "collection files," 7 "consumer files." (Doc. No. 21-17. at 1578; Doc. No. 21-20 at 1684.) Through the end of March 2018, Zeglen opened 71 files, of which 32 were "collection files" for 18 "collection clients," none were "consumer files." (Doc. No. 21-18 at 1592;

majority of Zeglen's collection work was performed for Buckeye, ninety percent of which was consumer collections work. (Doc. No. 20-1, Deposition of Joseph M. Zeglen ["Zeglen Dep."] at 210-11.) As such, Buckeye consumer collection cases alone accounted for 23.3% of Zeglen's total gross income in 2016 and nearly 5% in 2017. (Doc. No. 30-2 [Sealed Documents 1644-1650].)

## II. LEGAL STANDARD

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990), *impliedly overruled on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether

---

Doc. No. 21-20 at 1698.) All page number references herein are to the page identification number generated by the Court's electronic docketing system.

reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id*. at 252.

Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co*., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cty. Bd. of Educ*., 330 F.3d 888, 892 (6th Cir. 2003); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 487 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ*., 351 F.3d 240, 247 (6th Cir. 2003) (quotation marks and citation omitted). Rule 56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(2); s*ee also Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.") (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

Under this standard, the mere existence of some factual dispute will not frustrate an otherwise proper summary judgment motion. *Dunigan v. Noble*, 390 F.3d 486, 491 (6th Cir. 2004) (citing *Anderson*, 477 U.S. at 247-48) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248 (citation omitted).

## III. DISCUSSION

The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term applies to "a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings" or personal solicitation. *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) (citing Black's Law Dictionary 263 (6th ed. 1990)).

"[F]or a court to find that an attorney or law firm 'regularly' collects debts for purposes of the FDCPA, a plaintiff must show that the attorney or law firm collects debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of his or its general law practice." *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999). To determine whether a lawyer is a "debt collector" under the FDCPA, courts consider the following factors:

>   (a) "the volume of the attorney's collection activities";
>   (b) "the frequent use of a particular debt collection document or letter";
>   (c) "whether there exists a steady relationship between the attorney and the collection agency or creditor he represented";
>   (d) "what portion of the overall caseload debt collection cases constitute"; and
>   (e) "what percentage of revenues derive from debt collection activities."

*Schroyer*, 197 F.3d at 1176 (citing cases) (formatting altered). Additionally, "even where debt collection takes up a minor portion of a law practice, 'debt collector' liability may lie where the defendant has an 'ongoing relationship' with a client whose activities substantially involve debt collection." *Id.* (citation omitted).

Here, numerous factors weigh against Zeglen's position that he is not a "debt collector" within the meaning of the FDCPA. First, the evidence produced shows that from 2016[3] through March 2018, an average of 8% of Zeglen's overall caseload constituted non-commercial collections.[4] Second, a considerable amount of Zeglen's revenue during the years of 2016 and 2017 was derived from non-commercial collection activity. Specifically, Buckeye consumer collections cases alone resulted in at least 14% of Zeglen's gross income.[5] (Doc. No. 30-2.) Third, independent of the numbers, Zeglen's self-described "ongoing relationship" with Buckeye (Zeglen Dep. at 192-93), whose work is at least ninety percent consumer collections (*id.* at 210-11), weighs in favor of Zeglen being considered a "debt collector."

---

[3] The Court acknowledges Zeglen's argument that the figures from the year 2016 should not be considered for purposes of this analysis. But there is no rule nor is there a consistency among courts as to the appropriate period of time that should be considered when analyzing the issue of whether a lawyer or law firm is considered a debt collector. In fact, two of the three cases with which Zeglen seeks to compare himself (Reply at 3108-09) considered more than one year in the analysis. *See e.g.*, *Gaunter v. Doyle*, 554 F. Supp. 2d 779, 783 (N.D. Ohio 2008) (considering statistics "over the past four years"); *Corbett v. Rex Wolfgang*, No. 1:05cv583, 2006 WL 3231257, at *2 (S.D. Ohio Nov. 6, 2006) (considering "the last several years"). Therefore, the Court finds this argument unpersuasive.

[4] It appears that Zeglen made a mathematical error in his Reply. Rather than 652 total files opened between 2016 and March 2018, the evidence shows that 581 files were opened during that time period. (See Reply at 3109-10; Doc. No. 21-20 at 1669, 1684, &1698.) Therefore, the percentage of non-commercial files opened during that time period is 8%, not 7.2% as stated in the Reply. This fact negates his assertion that he opened proportionately fewer cases than the attorney in *Schroyer*, who was found not to be a debt collector though his consumer collection work accounted for 7.4% of his total work. Further, Zeglen fails to acknowledge "that in the majority of [the *Schroyer* attorney's] debt collection cases, he represented debtors." *Schroyer*, 197 F.3d at 1176. There is no evidence to suggest Zeglen represented the debtor in any of his debt collections cases. Therefore, this comparison weighs in favor of the Mutschelknauses' position rather than Zeglen's.

[5] Zeglen compares himself to the attorney in *Corbett*, who was found not to be a debt collector. But in *Corbett,* the attorney made less than one percent of his income through debt collection. 2006 WL 3231257 at *2. Even if the Court were to consider only the year 2017, this factor would weigh against Zeglen, who made nearly 5% of his income from Buckeye consumer collections cases that year alone.

5

Considering the factors listed above and viewing the evidence available in the light most favorable to the Mutschelknauses, the Court concludes that a reasonable juror could find Zeglen to be a "debt collector" under the FDCPA. Accordingly, since there remains a genuine dispute of material fact, Zeglen's motion for summary judgment is denied.

## IV. CONCLUSION

For the forgoing reasons, Zeglen's motion for summary judgment (Doc. No. 10) is DENIED.

**IT IS SO ORDERED.**


Dated: November 29, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**